LESLIE GLYER, State Bar No. 251226
leslie@caworkplacerights.com
LESLIE GLYER LAW, P.C.
23 Corporate Plaza, Suite 150
Newport Beach, CA 92660
Telephone:  (949) 629-2527

W. GORDON KAUPP, State Bar No. 226141
gordon@kauppfeinberg.com
KAUPP & FEINBERG, LLP
One Sansome Street, 35th Floor
San Francisco, California 94104
Telephone:  (415) 896-4588
Facsimile:   (415) 294-9127

Attorneys for Plaintiff
BERNICE GUEVARRA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION – LOS ANGELES**

| | |
|---|---|
| BERNICE GUEVARRA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>TEN: PUBLISHING MAGAZINES, LLC; TEN: PUBLISHING MEDIA, LLC; SOURCE INTERLINK COMPANIES, INC.; THE ENTHUSIAST NETWORK; THE ENTHUSIAST NETWORK MAGAZIN; MOTOR TREND GROUP, LLC; TEN: PUBCO, INC.; and DOES 1 TO 25, inclusive,<br><br>　　　　　Defendants. | Case No. 2:19-cv-00003<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1. Plaintiff BERNICE GUEVARRA ("Plaintiff"), by and through her attorneys, LESLIE GLYER LAW, P.C. and KAUPP & FEINBERG, LLP, brings this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the New York City Human Rights Law ("NYCHRL"), New York City Administrative Code §8-107 *et seq.*, for damages, declaratory relief, and injunctive relief, against Defendants because they discriminated against Plaintiff because of her disabilities and subjected her to discriminatory and retaliatory conduct, including, but not limited to, replacing her position and wrongfully terminating her employment. Plaintiff alleges the following under information and belief as follows:

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. § 1331.

3. This action involves a question of federal law.

4. Venue in this district is proper because one or more defendants reside in this judicial district. 28 U.S.C. § 1391(b).

5. Plaintiff has exhausted her administrative remedies before the filing of this action. On or about September 6, 2018, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunities Commission ("EEOC"). On or about October 10, 2018, the EEOC issued Plaintiff a Notice of Right to Sue.

**PARTIES**

6. Plaintiff BERNICE GUEVARRA, at all times material, is an individual who suffered from a disability and was employed by Defendants. Plaintiff is, and at all times relevant was, a resident of Kings County, New York.

7. Defendant, TEN: PUBLISHING MAGAZINES, LLC is a Delaware Limited Liability Company that employed Plaintiff during the relevant time period and maintained operations throughout the State of California, including, but not

1  limited to, through its headquarters located at 831 S. Douglas Street, El Segundo,
2  CA 90245.

3      8. Defendant, TEN: PUBLISHING MEDIA, LLC is a Delaware Limited
4  Liability Company that employed Plaintiff and/or is, and was at all relevant times,
5  the parent company of Plaintiff's employers.  TEN: PUBLISHING MEDIA, LLC,
6  at all times relevant, participated in and influenced the employment policies and/or
7  practices of its subsidiaries and Plaintiff's employer, including, but not limited to,
8  Defendant TEN: PUBLISHING MAGAZINES, LLC.  During the relevant time
9  period, Defendant TEN: PUBLISHING MEDIA, LLC maintained operations
10 throughout the State of California, including, but not limited to, through its
11 headquarters located at 831 S. Douglas Street, El Segundo, CA 90245.

12     9. Defendant SOURCE INTERLINK COMPANIES, INC. is a Delaware
13 Corporation that employed Plaintiff during the relevant time period and maintained
14 operations throughout the State of California, including, but not limited to, through
15 its headquarters located at 831 S. Douglas Street, El Segundo, CA 90245.

16     10.  Defendant, THE ENTHUSIAST NETWORK is a business of an
17 unknown form that employed Plaintiff during the relevant time period and
18 maintained operations throughout the State of California, including, but not limited
19 to, through its headquarters located at 831 S. Douglas Street, El Segundo, CA
20 90245.

21     11.  Defendant, THE ENTHUSIAST NETWORK MAGAZIN is a business
22 of an unknown form that employed Plaintiff during the relevant time period and
23 maintained operations throughout the State of California, including, but not limited
24 to, through its headquarters located at 831 S. Douglas Street, El Segundo, CA
25 90245.

26     12. Defendant MOTOR TREND GROUP, LLC is a Delaware Limited
27 Liability Company that employed Plaintiff during the relevant time period and
28 maintained operations throughout the State of California, including, but not limited

to, through its headquarters located at 831 S. Douglas Street, El Segundo, CA 90245.

13. Defendant, TEN: PUBCO, INC. is a Delaware Corporation that employed Plaintiff during the relevant time period and maintained operations throughout the State of California, including, but not limited to, through its headquarters located at 831 S. Douglas Street, El Segundo, CA 90245.

14. Defendants TEN: PUBLISHING MAGAZINES, LLC; TEN: PUBLISHING MEDIA, LLC; SOURCE INTERLINK COMPANIES, INC.; THE ENTHUSIASTS NETWORK; THE ENTHUSIAST NETWORK MAGAZIN; MOTOR TREND GROUP, LLC; TEN: PUBCO, INC.; and DOES 1 to 25, inclusive, are collectively referred to herein as "Defendants," "THE ENTHUSIAST NETWORK," or "TEN."

15. Defendants are a media company specializing in enthusiast brands and include a network of more than 60 publications, 100 websites, as well as channels, branded and licensed products, and programs that employs well over 100 employees. During Plaintiff's employment, Defendants regularly changed names, as reflected on many of Plaintiff's pay stubs and records over the course of her tenure.

16. Plaintiff is informed and believes, and alleges that at all times mentioned here, (1) Defendants' operations are interrelated in that they share managers and/or personnel, office space, equipment, and often operate as a single unit; (2) Defendants share common management in that the some of the same individuals manage or supervise the different defendants and Defendants have common officers and/or boards of directors; (3) there is centralized control of labor relations in that there is a centralized source for development and implementation of personnel policy and Defendants share human resources personnel and/or department; and (4) some of the defendants have ownership and/or financial control over other defendants.

17. Plaintiff is informed and believes, and alleges that at all times mentioned here, that all of the acts and failures to act alleged herein were duly performed by and attributable to each Defendant, acting as a successor, alter ego, joint employer, integrated enterprise, agent, employee, or under the direction and control of the others, except as specifically otherwise alleged. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by other Defendants as stated in this Complaint. Whenever and wherever reference is made in this Complaint to any act by a defendant or defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each defendant acting individually, jointly, and/or severally.

18. Plaintiff is informed and believes, and alleges that at all times mentioned here, each of the defendants named, including each defendant sued under a fictitious name, was the duly authorized agent, servant, and/or employee of each and every other defendant with respect to the events and transactions herein alleged, were acting under the color of state law, and in acting or omitting to act with respect thereto as hereinafter alleged, was within the course, scope and authority of their employment.

19. The true names or capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of said defendants designated by such fictitious names is responsible and legally obligated to Plaintiff in contract, in tort, by constitution, by statute, or by common law, for the events and happenings herein referred to, and for the damages legally caused to Plaintiff. Plaintiff therefore prays for leave to amend this complaint to insert the true names and capacities of said defendants when they have been ascertained.

20. Plaintiff is informed and believes, and based thereon alleges, that the

fictitiously named defendants, and all Defendants, were the agents, servants, and employees of each of the remaining defendants and, in doing the acts and things alleged, were at all times acting within the course and scope of that agency, servitude, and employment and with the permission, consent, and approval, or ratification, of each of the other defendants. Plaintiff is further informed and believes and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

## FACTUAL ALLEGATIONS

21. Plaintiff Bernice Guevarra ("Plaintiff") was a long-term employee of Defendants and was employed by Defendants for approximately 20 years.

22. Prior to her termination, among other duties, Plaintiff held the position of Art Director for the magazine Super Street, one of Defendants' publications. Through the entirety of her employment, Plaintiff performed her duties in a satisfactory, if not exemplary, manner.

23. In or around May 2016, Plaintiff transferred from working at THE ENTHUSIAST NETWORK'S office in Los Angeles to their offices located in New York City, where Plaintiff worked until her wrongful termination.

24. In or around May 2017, Plaintiff was diagnosed with a form of cancer (multiple myeloma) for which she required medical treatment and that limited her ability to work, among other major life activities.

25. In or around September 2017, Plaintiff informed the Human Resources department at THE ENTHUSIAST NETWORK of her disability, and requested she be granted leave and a reasonable accommodation in the form of medical leave. Plaintiff also informed Senior Vice President Amy Diamond and her team. THE ENTHUSIAST NETWORK informed Plaintiff that she could take

medical leave.

26. On or about October 3, 2017, Plaintiff took medical leave to receive cancer treatment, which included, among other things, chemotherapy and hospitalization for a period of weeks.

27. On or about January 2, 2018, Plaintiff returned to work.

28. On or about January 5, 2018, three days after her return, THE ENTHUSIAST NETWORK terminated Plaintiff's employment due to her disability and based on her request and taking of medical leave and other reasonable accommodations.

29. At all relevant times, Plaintiff was qualified for the position and able to perform its essential functions, with or without reasonable accommodation.

30. On information and belief, THE ENTHUSIAST NETWORK replaced Plaintiff with a less qualified employee who did not suffer from a disability (or was not perceived as suffering from a disability), who did not request reasonable accommodation, and who did not take protected medical leave.

31. On information and belief, Plaintiff's replacement was less qualified than Plaintiff and/or had performed less well than Plaintiff in carrying out her job duties.

32. Plaintiff is further informed and believes that the magazine for which her replacement was initially responsible ultimately failed and was eliminated from Defendants' business operations. In contrast, Super Street, which is the magazine for which Plaintiff was responsible, continued to succeed and was not eliminated from Defendants' business operations. Despite the success of the magazine for which Plaintiff was responsible, Defendants terminated Plaintiff's employment and gave the position of Art Director for Super Street to her inferior replacement.

33. THE ENTHUSIAST NETWORK terminated Plaintiff's employment due to her disability and based on her request and taking of medical leave and other reasonable accommodations.

COMPLAINT

34. Defendants failed to take all reasonable steps to prevent discrimination against Plaintiff when they terminated her employment, failed to provide reasonable accommodations, and failed to engage her in any timely good faith interactive process. Further, Defendants retaliated against Plaintiff for requesting reasonable accommodations and taking protected medical leave.

35. Defendants also failed, and had a policy, pattern and practice of failing to take, all reasonable steps to prevent discrimination, including but not limited to, failing to have or reasonably implement equal employment, non-discrimination, and non-retaliation policies and procedures, failing to grant requests for reasonable accommodation, failing to adequately and timely engage in the interactive process in good faith, failing to adequately investigate complaints of discrimination and retaliation, and/or of failing to take corrective action to prevent ongoing or future discrimination and retaliation. As a result, Defendants' conduct was the proximate cause of the discrimination and retaliation Plaintiff suffered.

36. Defendants' treatment of Plaintiff is part of an ongoing policy, pattern and practice of discrimination against people who suffer from one or more disabilities and/or retaliation against employees who take protected medical leave. Defendants have an unwritten policy and practice of terminating employees who suffer from one or more disabilities who take or require medical leave. On information and belief, other employees of Defendants have been terminated for being disabled and/or for requesting reasonable accommodations and/or for taking protected medical leave.

37. After Defendants knew or should have known that it had a pattern and practice of terminating employees who had taken medical leave or requested reasonable accommodations, it failed to ensure adequate counseling, training, or discipline, including by terminating employees' employment who had wrongfully terminated another employee's employment for taking medical leave or requesting reasonable accommodations.

38. As a result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered and will continue to suffer the loss of income, salary, bonuses, and benefits, as well as the loss of career opportunities and loss of earning capacity.

39. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer future pecuniary losses, physical and emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

40. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff is also entitled to an award of punitive damages.

41. Plaintiff seeks compensatory damages, including but not limited to, damages for severe emotional distress together with statutory civil penalties, punitive damages, costs of suit, and attorney's fees.

## FIRST CAUSE OF ACTION

### Violation of the ADA – 42 U.S.C. §§ 12111 - 12117

### Disparate Treatment – Disability-Based Discrimination

### (Against all Defendants)

42. Plaintiff repeats and realleges each and every paragraph as if fully set forth herein.

43. Defendants discriminated against Plaintiff because of disability, as follows: (a) Defendants were Plaintiff's employer, (b) Plaintiff suffered from a disability, or was perceived to suffer from a disability, (c) Defendants terminated Plaintiff's employment, (d) Defendants terminated Plaintiff because of her disability or perceived disability, (e) Plaintiff was harmed, and (f) Defendants' conduct was the proximate cause of Plaintiff's harm.

44. In doing the acts or omissions alleged herein, Defendants are liable to Plaintiff because they discriminated against Plaintiff because of her disability (or perceived disability) and she has suffered damages as a result, as set forth herein.

## SECOND CAUSE OF ACTION

**Violation of the ADA – 42 U.S.C. §§ 12111 - 12117**

**Disparate Impact – Disability-Based Discrimination**

**(Against all Defendants)**

45. Plaintiff repeats and realleges each and every paragraph as if fully set forth herein.

46. Defendants discriminated against Plaintiff because of disability (or perceived disability), as follows: (a) Defendants were Plaintiff's employer, (b) Defendants used an employment policy, pattern or practice that had a significantly adverse or disproportionate impact on employees with disabilities, (c) Defendants' employment policy or practice resulted in Plaintiff's termination, (e) Plaintiff was harmed, and (f) Defendants' conduct was a substantial factor in causing Plaintiff's harm.

47. In doing the acts or omissions alleged herein, Defendants are liable to Plaintiff because their policies or practices had a disproportionate and adverse impact on Plaintiff because of her disability (or perceived disability) and she has suffered damages as a result, as set forth herein.

## THIRD CAUSE OF ACTION

**Violation of the ADA – 42 U.S.C. §§ 12111 - 12117**

**Failure to Provide a Reasonable Accommodation**

**(Against all Defendants)**

48. Plaintiff repeats and realleges each and every paragraph as if fully set forth herein.

49. Defendants failed to provide Plaintiff with a reasonable accommodation, as follows: (a) Defendants were Plaintiff's employer, (b) Plaintiff suffered from a disability and informed Defendants of her disability, (c) Plaintiff requested a reasonable accommodation, (d) Defendants failed to provide Plaintiff with a reasonable accommodation in the form of medical leave when they

terminated her for taking necessary medical leave, (e) Plaintiff was harmed, and (f) Defendants' conduct was the proximate cause of Plaintiff's harm.

50. In doing the acts or omissions alleged herein, Defendants are liable to Plaintiff because they failed to provide her with a reasonable accommodation and she has suffered damages as a result, as set forth herein.

## FOURTH CAUSE OF ACTION

### Violation of the ADA – 42 U.S.C. §§ 12111 - 12117

### Retaliation

### (Against all Defendants)

51. Plaintiff repeats and realleges each and every paragraph as if fully set forth herein.

52. Defendants retaliated against Plaintiff for protected activity, as follows: (a) Plaintiff engaged in conduct protected under the ADA, (b) Plaintiff was removed from her position and terminated at the time, or after, the protected conduct occurred, (c) Defendants removed Plaintiff from her position and terminated Plaintiff because of her conduct protected under the ADA, (d) Plaintiff was harmed, and (e) Defendants were the proximate cause of Plaintiff's harm.

53. In doing the acts or omissions alleged herein, Defendants are liable to Plaintiff because they retaliated against her for engaging in conduct protected by the ADA and caused her harm, as set forth herein.

## FIFTH CAUSE OF ACTION

### Violation of the NYCHRL – Admin. Code of N.Y. Ch. 1 § 8-107(a)

### Disability-Based Discrimination

### (Against all Defendants)

54. Plaintiff repeats and realleges each and every paragraph as if fully set forth herein.

55. The New York City Human Rights Law, codified at Administrative Code of the City of New York, § 8-107, provides that it shall be unlawful "(a) For

an employer or an employee or agent thereof, because of the actual or perceived …disability…of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

56. Defendants discriminated against Plaintiff because of disability, as follows: (a) Defendants were Plaintiff's employer, (b) Plaintiff suffered from a disability, or was perceived to suffer from a disability, (c) Defendants' replaced Plaintiff with another employee and terminated Plaintiff's employment, (d) Defendants terminated Plaintiff because of her disability or perceived disability, (e) Plaintiff was harmed, and (f) Defendants' conduct was a substantial factor in causing Plaintiff's harm.

57. In doing the acts or omissions alleged herein, Defendants are liable to Plaintiff because they discriminated against Plaintiff because of her disability (or perceived disability) and she has suffered damages as a result, as set forth herein.

## SIXTH CAUSE OF ACTION

**Violation of the NYCHRL – Admin. Code of N.Y. Ch. 1 § 8-107(15)(a)**

**Failure to Provide a Reasonable Accommodation**

**(Against all Defendants)**

58. Plaintiff repeats and realleges each and every paragraph as if fully set forth herein.

59. The NYCHRL provides that a covered employer "shall make reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity."

60. Defendants failed to provide Plaintiff with a reasonable accommodation, as follows: (a) Plaintiff's employer is and was a covered entity, (b) Plaintiff suffered from a disability and informed Defendants of her disability, (c) Plaintiff requested reasonable accommodation, including, among other things,

medical leave, (d) Defendants failed to provide Plaintiff with a reasonable accommodation in the form of medical leave when they replaced her with another employee and terminated her employment for taking necessary medical leave and requesting accommodation, (e) Plaintiff was harmed, and (f) Defendants' conduct was a substantial factor in causing Plaintiff's harm.

61. In doing the acts or omissions alleged herein, Defendants are liable to Plaintiff because they failed to provide her with a reasonable accommodation and she has suffered damages as a result, as set forth herein.

## SEVENTH CAUSE OF ACTION
### Violation of the NYCHRL – Admin. Code of N.Y. Ch. 1 § 8-107(15)(a)
### Failure to Engage in the Interactive Process
### (Against all Defendants)

62. Plaintiff repeats and realleges each and every paragraph as if fully set forth herein.

63. The NYCHRL requires the employer and employee to engage in an interactive process that arrives at a reasonable accommodation for the disabled employee.

64. Defendants failed to engage in the interactive process with Plaintiff, as follows: (a) Defendants were Plaintiff's employer, (b) Plaintiff suffered from a disability and informed Defendants of her disability, (c) Plaintiff requested a reasonable accommodation including, among other things, medical leave, (d) Plaintiff was willing to engage in the interactive process, (e) Defendants failed to engage in a timely, good faith interactive process to determine whether it could grant Plaintiff reasonable accommodation, and instead, replaced Plaintiff with another employee and terminated her employment, (f) Plaintiff was harmed, and (g) Defendants' failure to engage in a timely, good faith interactive process was the proximate cause of her harm.

65. In doing the acts or omissions alleged herein, Defendants are liable to

Plaintiff because they failed to engage in the interactive process timely and in good faith, and Plaintiff has suffered damages as a result, as set forth herein.

## EIGHTH CAUSE OF ACTION

**Violation of the NYCHRL – Admin. Code of N.Y. Ch. 1 § 8-107(7)**

**Retaliation**

**(Against all Defendants)**

66. Plaintiff repeats and realleges each and every paragraph as if fully set forth herein.

67. The NYCHRL provides that it is an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate against any such person because they engaged in protected activity.

68. Defendants retaliated against Plaintiff for protected activity, as follows: (a) Plaintiff engaged in conduct protected under the NYCHRL, (b) Defendants were aware that Plaintiff participated in such activity, (c) Defendants engaged in conduct which is reasonably likely to deter a person from engaging in that protected activity, (d) there is a causal connection between the protected activity and the alleged retaliatory conduct, (e) Plaintiff was harmed, and (f) Defendants were the proximate cause of that harm.

69. In doing the acts or omissions alleged herein, Defendants are liable to Plaintiff because they retaliated against her for engaging in conduct protected by the NYCHRL and caused her harm, as set forth herein.

## NINTH CAUSE OF ACTION

**Violation of the NYCHRL – Admin. Code of N.Y. Ch. 1 § 8-107(19)**

**Interference With Protected Rights**

**(Against all Defendants)**

70. Plaintiff repeats and realleges each and every paragraph as if fully set forth herein.

71. The NYCHRL provides, "It shall be an unlawful discriminatory

practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

72. Defendants interfered with Plaintiff's rights under the NYCHRL, as follows: (a) Plaintiff exercised her rights under the NYCHRL, (b) Defendants interfered with the exercise or those rights by replacing Plaintiff with another employee and terminating Plaintiff for the exercise of those rights, (c) Plaintiff was harmed by Defendants' conduct, and (d) Defendants were the proximate cause of Plaintiff's harm.

73. In doing the acts or omissions alleged herein, Defendants are liable to Plaintiff because they retaliated against her for engaging in conduct protected by the NYCHRL and caused her harm, as set forth herein.

## TENTH CAUSE OF ACTION

**Violation of the NYCHRL – Admin. Code of N.Y. Ch. 1 § 8-107(13)**

**Supervisor Liability**

**(Against all Defendants)**

74. Plaintiff repeats and realleges each and every paragraph as if fully set forth herein.

75. The NYCHRL provides, "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where the conduct was known by another employee or agent who

exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

76. Defendants have supervisor liability to Plaintiff, as follows: (a) As described above, Defendants violated Plaintiff's rights under the NYCHRL; (b) Defendants' agents or employees who violated Plaintiff's rights exercised managerial or supervisory responsibility, (c) Defendants knew or should have known of its employee's or agents discriminatory conduct but failed to take immediate or appropriate corrective action, and/or Defendants should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct; (d) Plaintiff was harmed by Defendants' conduct; and (e) Defendants were the proximate cause of Plaintiff's harm.

77. In doing the acts or omissions alleged herein, Defendants are supervisory liable Plaintiff.

## ELEVENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (Against all Defendants)

78. Plaintiff repeats and realleges each and every paragraph as if fully set forth herein.

79. Defendants intentionally inflicted emotional distress on Plaintiff, as follows: (a) Defendants engaged in extreme and outrageous conduct, (b) Defendants intended to cause, or disregarded a substantial probability of causing, severe emotional distress, (c) there is a causal connection between the conduct and injury, and (d) Plaintiff actually suffered severe emotional distress.

80. In doing the acts or omissions alleged herein, Defendants are liable to Plaintiff for intentional infliction of severe emotional distress.

///

## TWELFTH CAUSE OF ACTION

### Negligent Hiring, Supervision, Training, and Retention

### (Against all Defendants)

81. Plaintiff repeats and realleges each and every paragraph as if fully set forth herein.

82. Defendants are liable to Plaintiff for negligent hiring, supervision, training, and retention: (a) Defendants owed Plaintiff a duty, (b) Defendants breached their duty to Plaintiff, (c) Defendants knew or should have known that without adequate hiring, supervision, training, or retention that it would cause it expose Plaintiff to an unreasonable risk of harm, (d) Plaintiff was harmed, and (e) Defendants were the proximate cause of Plaintiff's harm.

83. In doing the acts or omissions alleged herein, Defendants are liable to Plaintiff for negligent hiring, supervision, training and retention.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for a judgment against Defendants, as follows:

1. For declaratory relief declaring that Defendants violated Plaintiff's various rights under the ADA and NYCHRL.

2. For injunctive relief, restoring Plaintiff to her former position and salary;

3. For injunctive relief directing Defendants to eliminate its policy and practice of terminating employees who take necessary medical leave;

4. For economic damages according to proof at trial;

5. For noneconomic damages according to proof at trial;

6. For punitive damages according to proof at trial;

7. For pre-judgment interest to the extent allowed by law;

8. For costs of suit and attorney's fees; and

9. For such further relief as the Court may deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury.

Dated: January 1, 2019

By: */s/ Gordon Kaupp*
W. Gordon Kaupp,
KAUPP & FEINBERG, LLP
Leslie Glyer,
LESLIE GLYER LAW, P.C.
*Attorneys for Plaintiff*
BERNICE GUEVARRA